IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALISA BALLARD DUNLAP, | Case No. 5:18cv2275 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| | **REPORT & RECOMMENDATION** |
| Defendant. | |

Plaintiff Alisa Ballard Dunlap ("Dunlap"), filed a complaint challenging the final decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq*. The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned magistrate judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.

On October 1, 2018 and again on December 17, 2018, Dunlap filed motions requesting the appointment of counsel in her social security appeal. ECF Doc. 3 and ECF Doc. 13. Dunlap represents that she has been unable to find counsel who is willing to take her case and feels unable to proceed *pro se* due to her health problems. ECF Doc. 13-1 at 2.

"Appointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell National Laboratorie*s, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982)." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional

circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian,* 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI,* 238 U.S. App. D.C. 26, 737 F.2d 1173, 1185 (D.C. Cir. 1984).  This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

      Here, Dunlap has not shown exceptional circumstances justifying the appointment of counsel in her administrative appeal.  She represents that she is unable to proceed *pro se* due to her alleged disabilities.  But she has now filed two different motions requesting the appointment of counsel.  She also filed a "letter to support good cause for late filing" containing an articulate explanation of a mistake she made in filing her appeal one day late.[1]  She represents that she has ten years of experience in filing social security cases.  ECF Doc. 4 at 2.  It does not appear that she is unable to represent herself or that this matter will be too complex for her to handle.

      A district court has discretion to appoint counsel for an indigent civil litigant.  28 U.S.C § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights.") (citations omitted).  Accordingly, review of a district court's order denying appointment of counsel is for abuse of discretion.  *Henry v. City of Detroit Manpower Dep't,* 763 F.2d 757, 760 (6th Cir.), cert. denied, 474 U.S. 1036 (1985).

---

[1] The court notes that the Commissioner filed an answer and transcript on December 14, 2018.  ECF Doc. 11 and ECF Doc. 12.  The Commissioner does not appear to be challenging the timeliness of Ms. Dunlap's filing.  Her motion for good cause waiver may be moot.  ECF Doc. 4.

Dunlap has not shown that exceptional circumstances exist or that she is unable to represent herself in this matter. I recommend that the court decline to exercise its jurisdiction to appoint counsel in this civil appeal and DENY Dunlap's motions for appointment of counsel. ECF Doc. 3 and ECF Doc. 13.

**IT IS SO ORDERED.**

Dated: May 24, 2019

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).