UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALISA BALLARD DUNLAP, | ) Case No. 5:18CV2275 |
| Plaintiff | ) |
| | ) JUDGE DAN AARON POLSTER |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) REPORT AND RECOMMENDATION |

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b).[1]  As discussed below, Plaintiff has failed to file her brief on the merits in this case, despite the court's May 24, 2019 Order (R. 15) requiring Plaintiff to file her brief by June 28, 2019.  That Order also informed Plaintiff that failure to file her brief may result in the case being dismissed without further notice for failure to prosecute.  Accordingly, the undersigned RECOMMENDS that this case be dismissed without prejudice.

I.  Background

*Pro se* Plaintiff Alisa Ballard Dunlap ("Plaintiff") filed a Complaint against the Commissioner of Social Security ("Defendant" or "Commissioner") on October 1, 2018.  (R. 1.)  On December 14, 2018, the Commissioner timely filed its Answer and the Transcript of Proceedings.  (R. 11 & 12.)  The Magistrate Judge's Initial Order required Plaintiff to file her brief on the merits within forty-five (45) days of filing of Defendant's Answer.  (R. 7.)  Plaintiff

---

[1] This case was re-assigned to the undersigned on July 12, 2019, following the recusal of the previously assigned magistrate judge.

did not file a brief within forty-five days of the Answer, nor did she move the court for an extension of time.

On May 24, 2019, the court issued an Order directing Plaintiff to file her brief on or before June 28, 2019. (R. 15.)[2] Plaintiff was advised that failure to do so could result in dismissal with prejudice for want of prosecution. *Id.*[3]

## II. Discussion

The Sixth Circuit has indicated that district courts have the inherent power to enter a *sua sponte* order dismissing an action under Federal Rule of Civil Procedure 41(b). *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). In addition, Rule 16(f)(1)(C) of Federal Rules of Civil Procedure authorizes courts to dismiss an action where a party fails to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C) provides:

(f) Sanctions.

(1) *In General.* On Motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2) (A)(ii)-(vii), if a party or its attorney:
...

(C) fails to obey a scheduling or other pretrial order.

Although *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be dismissed if the plaintiff fails to meet court orders. *See Jourdan*, 951 F.2d at 110 (concluding that *pro se* litigants are not to be accorded with any special consideration when they fail to comply with straight-forward procedural requirements and deadlines).

---

[2] The same day, the court issued a Report and Recommendation recommending that Plaintiff's motion to appoint counsel be denied. (R. 14; *see* R. 3 & 13.) Objections to the Report and Recommendation were due by June 7, 2019. (R. 14.) Plaintiff filed untimely objections on June 14, 2019. (R. 16.)

In this case, the Initial Order advised Plaintiff that her brief on the merits was to be filed within forty-five (45) days of the filing of the answer and transcript. (R. 7, PageID #: 29.) Defendant filed its Answer electronically with the court on December 14, 2018, and certified that a copy of the Answer and transcript were served upon Plaintiff via U.S. Mail that same day. (R. 11, PageID #: 54.) Therefore, Plaintiff should have filed her brief on the merits by January 28, 2019.

On May 24, 2019, having not received Plaintiff's brief on the merits or a motion for extension of time, the court issued an Order directing Plaintiff to file her brief on or before June 28, 2019. (R. 15.) Plaintiff was advised that failure to do so could result in dismissal for want of prosecution. *Id.* To date, Plaintiff has not filed her brief, moved for an extension of time or shown good cause for her inaction.

Accordingly, the undersigned RECOMMENDS that this case be dismissed without prejudice for failure to comply with this court's Orders and for failure to prosecute.

Dated:   August 26, 2019          /s/ David A. Ruiz
                                   David A. Ruiz
                                   United States Magistrate Judge

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72(a); LR 72.3(a).  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.** *See Thomas v. Arn***, 474 U.S. 140 (1985);** *see also United States v. Walter***s, 638 F.2d 947 (6th Cir. 1981).**