UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ALISSA BALLARD DUNLAP, | ) |
| Plaintiff, | ) CASE NO. 5:18CV2275 |
| v. | ) Judge Dan Aaron Polster |
| COMMISSIONER OF SOCIAL SECURITY, | ) MEMORADUM OF OPINION AND ORDER |
| Defendant. | ) |

Before the Court is the Report and Recommendation of Magistrate Judge David A. Ruiz ("R&R"). **Doc. #: 28.** Magistrate Judge Ruiz recommends that the Court affirm the Commissioner's decision denying disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") to Plaintiff Alisa Ballard Dunlap ("Ballard Dunlap") for years 2006 through 2008. For the reasons herein, the Court **ADOPTS** the R&R, **OVERRULES** the Objections, and **AFFIRMS** the Commissioner's Decision.[1]

I.   Background

   A.   Case No. 5:11 CV 2583 ("First Case")

On July 12, 2008, Plaintiff Alisa Ballard Dunlap[2] filed an application for Social Security DIB, and on June 23, 2007, an application for SSI, asserting that she was disabled beginning on January 1, 2006. After a hearing held on June 10, 2010, Administrative Law Judge ("ALJ") Alfred V. Lucas issued an order granting Ballard Dunlap DIB and SSI beginning January 1, 2009 but denying her request for DIB and SSI for years 2006 through 2008.

---

[1] This decision has no impact on Ballard Dunlap's DIB and SSI awarded to her beginning January 1, 2009. See *infra* at 4.
[2] Ballard Dunlap changed her last name in the time between the First and Second Cases.

1

Simply stated, a claimant is considered disabled when she cannot perform substantial gainful employment due to any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. §§ 404.1505(a), 416.905(a). At step one of the five-step sequential disability evaluation process, a self-employed claimant like Ballard Dunlap must show that her net income (i.e., gross earnings minus business and impairment-related expenses) over a 12- month period did not meet the threshold for engaging in substantial gainful employment ("SGA"). If the individual can show that she did not engage in SGA over a 12-month period, the analysis proceeds to steps two through five of the disability evaluation process to determine if she is, in fact, disabled. If an individual engages in SGA over a 12-month period, then she is deemed not disabled regardless of the severity of her physical or mental impairments, her age, her education, and her work experience.

ALJ Lucas incorrectly determined that Ballard Dunlap was not disabled in the years 2006 and 2008 because her gross income, rather than her net income, for those years exceeded the threshold for engaging in SGA.[3] As for 2007, the ALJ *assumed* that "since [Ballard Dunlap] was able to work at a substantial level in 2006, and earn even more in 2008, she was able to work at the same level in 2007. The record contains no evidence that her condition had worsened during 2007, or had improved in 2008." Doc. #: 10 at 26.

Ballard Dunlap appealed the Commissioner's adverse decision to this district court on November 28, 2011. Doc. #: 1. On December 14, 2012, following the Commissioner's motion to remand, the issuance of an R&R recommending remand, objections, and a teleconference with

---

[3] Ballard Dunlap's gross earnings for 2006 was $11, 632.00, and her gross earnings for 2008 was $14,188.00.

2

counsel, the Court issued an Opinion and Order remanding the case to the Commissioner with the following directive:

> [t]he Court REVERSES the Commissioner's decision denying Ballard's application for [DIB] for years 2006 through 2008, REMANDS the case to the ALJ under sentence four of 42 U.S.C. § 405(g), and DIRECTS the ALJ to properly re-evaluate the evidence, including additional evidence, at step one of SSR 83-84 and to proceed through all steps of the disability analysis for years 2006 through 2008 only.

Doc. #: 32 at 6 (emphasis added).

        B.      Case No. 5:18 CV 2275 ("Second Case")

Following remand, a different ALJ, Paula J. Goodrich, held a rehearing on April 21, 2015 and issued a decision on August 12, 2015. Doc. #: 12 at 1115-1139. ALJ Goodrich stated that it was Ballard Dunlap's burden to provide sufficient evidence of business and impairment-related expenses that, when deducted from her earnings, failed to meet the threshold for engaging in SGA. Because Ballard Dunlap failed to make that showing for years 2006 and 2008, the ALJ determined that she was not disabled during those years and concluded the disability evaluation. As for the year 2007, however, the ALJ declined to entertain assumptions against Ballard Dunlap's interests (as had been done by ALJ Lucas) and concluded that Ballard Dunlap did *not* engage in SGA that year. Thus, ALJ Goodrich proceeded to steps two through five of the disability evaluation process and concluded that Ballard Dunlap was not disabled in 2007. ALJ Goodrich's ruling became the final decision of the Commissioner.

On October 1, 2018, Ballard Dunlap appealed the Commissioner's decision denying her DIB and SSI for years 2006 through 2008 to the district court where it was reassigned to me. Doc. #: 1. Following briefing, Magistrate Judge David Ruiz issued the pending R&R recommending that the Court affirm the Commissioner's decision that Ballard Dunlap was not

disabled in the years 2006 through 2008. Ballard Dunlap timely filed objections, Doc. #: 30, and the Commissioner filed a timely response, Doc. #: 31. Having reviewed the record and case law, the Court is prepared to issue its ruling.

**II.     Standard of Review**

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3) (emphasis added). A general objection, or an objection that merely restates the arguments previously presented to, and addressed by, the Magistrate Judge does not sufficiently identify errors triggering *de novo* review. *Tackett v. Comm'r of Soc. Sec.*, No. 3:18 CV 1560, 2019 WL 2774145, at *1 (N.D. Ohio Jul. 2, 2019), *citing Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**III.    Analysis**

As a preliminary matter, ALJ Goodrich stated that Ballard Dunlap was not under a disability within the meaning of the Social Security Act "from January 1, 2006 through the date of her decision," i.e. August 12, 2015. Second Case, Doc. #: 12 at 1116. The Commissioner readily acknowledges that the ALJ's conclusion has no impact on Ballard Dunlap's receipt of DIB and SSI beginning January 1, 2009. Second Case, Doc. #: 28 at 19-20.

Ballard Dunlap raises the following four objections to the R&R:

1. ALJ Goodrich's application of SSR 83-34's Test One was contrary to law because it: (1) required documentation for "normal work expenses" and/or "unpaid help" when SSR 83-34 does not require it; (2) violated Ohio law and was contrary to SSR 83-34; and (3) violated her duty to develop the record regarding impairment-related work-expenses ("IRWE").

2. ALJ Goodrich should have applied SSR 83-34's Test Two and Three to determine whether Plaintiff engaged in substantial gainful activity ("SGA") in 2006 and 2008.

3. ALJ Goodrich's residual functional capacity ("RFC") determination for 2006 to 2008 was not based upon substantial evidence and/or was contrary to law because (1) it ignored Daniel Lee Schweid, M.D. ("Dr. Schweid") opinion; (2) Dr. Schweid's opinion constituted substantial evidence that she could not engage in SGA from 2006 to 2008 because her irritable bowel syndrome was work preclusive; (3) it violated 20 C.F.R. § 404.1527; (4) it did not constitute harmless error; and (5) failed to provide this Court with meaningful judicial review.

4. The R&R's findings regarding Dr. Schweid's opinion are of no consequence, as it is the opinion given by the ALJ rather than a "*post hoc* rationale" that is under the Court's consideration; and even if the R&R's findings regarding Dr. Schweid's opinion should be considered, the undisputed finding that Plaintiff needed more than short restroom breaks each morning and afternoon would be work preclusive.

Second Case, Doc. #: 30 at 1.

Having completed a *de novo* review of the entire record in the First and Second cases, the Court finds that Magistrate Judge Ruiz thoroughly and correctly addressed the first two objections at pages 7 through 12 of the R&R; thus, further elucidation by the undersigned is unnecessary.

Respecting Objections 3 and 4, the Court agrees with Ballard Dunlap and Magistrate Judge Ruiz that ALJ Goodrich should have discussed Dr. Daniel L. Schweid's opinions which– although Dr. Schweid was only a medical expert reviewing Ballard Dunlap's medical records– supported ALJ Lucas's disability finding beginning January 1, 2009. Contrary to Ballard Dunlap, however, the Court agrees with Magistrate Judge Ruiz that the failure to discuss Dr. Schweid's opinions ultimately amounted to harmless error for the reasons succinctly stated in the R&R at pages 13 through 19. While Magistrate Judge Ruiz spoke primarily about Ballard Dunlap's arm and hand pain, Ballard Dunlap focuses on her irritable bowel syndrome ("IBS") and Dr. Schweid's opinion that she needed more than the usual number and length of restroom breaks

during the work day. According to Ballard Dunlap, this finding alone (among her other impairments) dictated a finding of disability in years 2006 through 2008. Not so.

First of all, the ALJ correctly concluded that Ballard Dunlap was not disabled in years 2006 and 2008 because she engaged in SGA those years. Consequently, the only year this objection applies to is year 2007.

While substantial evidence may have supported Dr. Schweid's opinion that Ballard Dunlap's IBS precluded her from engaging in substantial gainful employment, ALJ Goodrich—who also found that Ballard Dunlap had IBS—was in no way bound by Dr. Schweid's opinion that Ballard Dunlap's IBS precluded her from engaging in substantial gainful employment in 2007. *Blanton v. Soc. Sec. Admin.*, 118 Fed. Appx 3, 7 (6th Cir. 2004) (citing *Reynolds v. Secretary, HHS*, 707 F.2d 927. 930 (6th Cir. 1983)) (although an ALJ may consider the opinion of a medical expert, the ALJ is not bound by the medical expert's opinion).

### IV. Conclusion

Based on the foregoing, the Court **OVERRULES** the Objection, **Doc. #: 30**, **ADOPTS** the R&R in its entirety, **Doc. #: 28**, and **AFFIRMS** the Commissioner's decision denying DIB and SSI benefits.[4]

**IT IS SO ORDERED.**

                                        */s/ Dan Aaron Polster      June 12, 2020*
                                        **Dan Aaron Polster**
                                        **United States District Judge**

---

[4] The Court greatly appreciates Attorney Edward Icove's pro bono representation of Alisa Ballard Dunlap in these proceedings. Doc. #: 19.